

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00673-CV

Oscar **REYES**, Jr.,
Appellant

v.

Roberto M. **BARRASA**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-04799
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  September 11, 2013

AFFIRMED

Oscar Reyes, Jr. appeals the trial court's judgment setting aside a deed conveyed pursuant

to an execution sale.  Reyes challenges the sufficiency of the evidence to support the trial court's

findings in support of the judgment.  We affirm the trial court's judgment.

### BACKGROUND

Roberto M. Barrasa's former attorney, Roger Guevara, obtained a judgment against him

for $7,727.00 in unpaid legal fees.  Guevara filed an abstract of judgment and obtained a writ of

execution against a tract of Barrasa's property.  Reyes purchased the property at the sheriff's

execution sale for $4,000.00.  Barrasa filed the underlying lawsuit to challenge the execution sale. After a bench trial, the trial court set aside the execution sale, finding that the price Reyes paid for the property was grossly inadequate and there were irregularities in the sale of the property.

## STANDARD OF REVIEW

We review a legal sufficiency or "no evidence" challenge under the well-established principles set forth in *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  Reviewing the evidence in the light most favorable to the finding and indulging every inference that would support it, we sustain a no-evidence challenge only if: (1) the record reveals a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact.  *Id*. at 810, 822.  The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.  *Id*. at 819.  When reviewing a factual sufficiency challenge, we consider and weigh all the evidence, and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## DISCUSSION

An execution sale may be set aside when the sales price was grossly inadequate and irregularities in the sale tended to contribute to the inadequate price.  *Basley v. Adoni Holdings, L.L.C.*, 373 S.W.3d 577, 587 (Tex. App.—Texarkana 2012, no pet.); *McCoy v. Rogers*, 240 S.W.3d 267, 275 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).  Although a causal connection must exist between the irregularity in the sale and the inadequate price, "'proof of an irregularity coupled with grossly inadequate consideration gives rise to an inference or presumption that the irregularity contributed to the low price.'"  *Basley*, 373 S.W.3d at 587 (quoting *Apex Fin. Corp. v. Brown*, 7

S.W.3d 820, 828 (Tex. App.—Texarkana 1999, no pet.). "To create a fact issue on the matter, the burden then shifts to the party who wishes to enforce the sheriff's sale to rebut this presumption." *Apex Fin. Corp.*, 7 S.W.3d at 828.

### A. Grossly Inadequate Price

In determining whether the consideration was grossly inadequate, the trial court was required to consider the value of the property sold and the amount received at the execution sale. *See Basley*, 373 S.W.3d at 587. "To properly determine the adequacy of the consideration, the condition of the property and all liens subject thereto should be taken into consideration." *Apex Fin. Corp.*, 7 S.W.3d at 829.

The undisputed evidence at trial established that the value of the property at the time of the sale was $144,000. The only lien outstanding against the property was for approximately $17,000. The purchase price paid by Reyes was $4,000, which was approximately three percent of the property's net value. This evidence supports the trial court's finding that the price was grossly inadequate. *See Basley*, 373 S.W.3d at 587 (holding price of $4,442.23 was grossly inadequate where property's value was $54,300.00); *see also id.* at 587 n.15 (citing other cases holding price to be grossly inadequate).

### B. Irregularity in Sale

The trial court's findings of fact and conclusions of law contain findings with regard to two irregularities, namely: (1) an irregularity in the notice the sheriff was required to provide to Barrasa under Rule 647; and (2) the sheriff's failure to provide Barrasa with an opportunity to designate the property to be levied upon as required by Rule 637. Although Reyes challenges the first finding in his brief, he does not challenge the second finding. Unchallenged findings of fact "are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also*

*Samuelson v. United Healthcare of Tex., Inc.*, 79 S.W.3d 706, 708 (Tex. App.—Fort Worth 2002, no pet.) (same).

Rule 637 requires the sheriff to call upon the judgment debtor to "point out property to be levied upon, and the levy shall first be made upon the property designated by" the judgment debtor. TEX. R. CIV. P. 637. The sheriff's failure to afford the judgment debtor the opportunity to designate the property upon which the sheriff should first levy constitutes an irregularity in the execution sale. *Collum v. DeLoughter*, 535 S.W.2d 390, 393 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.); *Pantaze v. Slocum*, 518 S.W.2d 407, 411 (Tex. Civ. App.—Fort Worth 1974, writ ref'd n.r.e.). In this case, Barrasa testified that he was never asked to designate the property upon which the sheriff should levy.[1] Officer Michael R. Phillips, the sheriff's deputy who contacted Barrasa about the writ of execution, first testified regarding the general procedure he follows in contacting a judgment debtor:

> A. And I ask them at that point if they have that dollar amount. If they say no, then I say, okay. Do you have any boats, planes, trains, cars, trains, anything that I can seize and sell at auction to satisfy that judgment.
> Q. Okay.
> A. Okay. Of course, if he says he doesn't have it, sometimes the attorneys [judgment creditors] will provide information to us that they do, in fact, have non[-]exempt property.
>            ***
> Q. Okay. Now, are you involved at all with any of the processes that go with the selling of real property? You talked about trains, cars and things, which, to me, are the tangible things that I referred to earlier. But then there's the other part of the asset picture here, which is the real property or land.
> A. Okay.
> Q. Do you have anything to do with any of that?
> A. Yes. If they say then don't have the planes, trains or cars, stuff like that, like I had said, the attorney [judgment creditor] will provide information that he believes this guy has this property, this tangible land that's real property, not personal property, and advise me that he would like to seize that property to secure the debt amount. In other words, leverage with them.

---

[1] Barrasa testified that he owned other non-exempt property with a value in excess of the judgment, including three unencumbered, vacant lots valued at $30,000, and a rental home. We note that the property sold at the execution sale was the site of an operating restaurant.

Q. Sure.

A. At which point I advise the person I'm dealing with that I'm going to be doing that. Failure for him to resolve the dollar amount with either myself or the plaintiff's attorney [judgment creditor], that we would go ahead and be selling his non[-]exempt property.

With regard to Barrasa's situation, Officer Phillips admitted Barrasa's English was very limited, and Barrasa was confused about what Officer Phillips was trying to tell him. Officer Phillips further testified as follows:

Q. Okay. And was Mr. Barrasa ever given an option to designate which property that he might like to be sold at the auction, whether it had been the one that was picked for y'all to sell?

A. That would fall into my question, do you have any properties, any boats, planes, trains, anything that I could sell and he offered nothing. At which point I asked him, what is this property because this is what the attorney [Guevara] is asking me to seize. That's another restaurant, he stated.

Q. Okay. But he wasn't asked to designate or he wasn't told he had a — he wasn't asked to designate anything?

A. That was asked if he would designate, and he told me he had nothing.

Q. Okay. You mentioned the planes, trains and that kind of thing. That sounds like personal property. So you're telling me the subject of real property was specifically talked about, and that he wasn't offered — he wasn't told he had a right to give you any kind of designation of which property he would like sold?

A. That was the one the attorney [Guevara] wished to seize and sell.

Although Officer Phillips's policy is not to speak with the judgment debtor's attorney, Officer Phillips testified that he made an exception in this case due to Barrasa's language barrier. Officer Phillips then testified:

Q. Okay. And did you explain to him [Barrasa's attorney], as you said you explained to Mr. Barrasa, that Mr. Barrasa had the opportunity to point out property he wanted seized and sold?

A. I didn't go over that in detail with his attorney. I had explained that to Mr. Barrasa as best I could.

Weighing the credibility of the witnesses given the conflicting testimony, the trial court could have believed that Officer Phillips did not provide Barrasa with an opportunity to designate

the specific real property upon which levy should first be made. We hold the evidence is sufficient to support the trial court's finding.[2]

      *C.      Causal Connection Between Irregularity and Inadequate Selling Price*

As previously noted, proof of an irregularity coupled with grossly inadequate consideration gives rise to an inference or presumption that the irregularity contributed to the inadequate price. *Basley*, 373 S.W.3d at 587. Although Reyes lists the insufficiency of the evidence to support the trial court's finding of a causal connection as an issue in his brief, he fails to provide any argument in support of the issue. As a result, Reyes fails to cite any evidence in the record that would rebut the presumption that the irregularity contributed to the inadequate price, and the burden was on Reyes to rebut the presumption at trial. *See Apex Fin. Corp.*, 7 S.W.3d at 828.

## CONCLUSION

Because the evidence is sufficient to support the trial court's findings that an irregularity in the sale contributed to the grossly inadequate price bid by Reyes, we affirm the trial court's judgment.

                                                 Catherine Stone, Chief Justice

---

[2] Because we hold the evidence is sufficient to support the trial court's finding that an irregularity resulted from the sheriff's failure to afford Barrasa the opportunity to "point out property to be levied upon," we need not address the sufficiency of the evidence to support the trial court's finding with regard to the irregularity in the notice required by Rule 647. *See* TEX. R. APP. P. 47.1 (opinion need only address issues necessary to a final disposition).